T.C. Memo. 1997-7


UNITED STATES TAX COURT



JULIE PUSATERI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7394-95.                    Filed January 2, 1997.



<u>David B. Crall</u>, for petitioner.

<u>Christine V. Olsen</u>, for respondent.



MEMORANDUM OPINION


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) of the Code and Rules 180, 181, and 182.  All section references are to the Internal Revenue Code in effect for

the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $7,795, together with an accuracy-related penalty under section 6662(a) of $1,356.

We must decide:  (1)  Whether petitioner improperly reported income and deductions on two Schedules C and on a Schedule E attached to her 1991 Federal income tax return; (2) whether petitioner is subject to additional self-employment tax; (3) whether petitioner is entitled to a child care credit; and (4) whether petitioner is liable for an accuracy-related penalty under section 6662(a).

Some of the facts have been stipulated and they are so found.  Petitioner resided in Solana Beach, California, when her petition was filed.

For clarity and convenience, our findings of fact and opinion have been combined.

During 1991, petitioner was married but separated from her husband.  During that year, petitioner was a paralegal licensed to practice in California.  She operated two paralegal businesses.  On her 1991 Federal income tax return, petitioner reported income and expenses of her two paralegal business on two Schedules C, "Julie Pusateri-Paralegal" (Schedule C-1), and "Legal Assistance Center" (Schedule C-2).  The parties have used the Schedule C-1 and Schedule C-2 terminology and so shall we.

The paralegal business for Schedule C-1 was operated out of an office owned by petitioner's husband. The office was located in her husband's house. Petitioner did not pay rent to her husband or to a landlord for the use of the office. The office had a fax machine, a computer, shelves for supplies, a telephone, a printer, and similar items. Petitioner paid for her own supplies. The paralegal business for Schedule C-2 was operated out of the Legal Assistance Center.

In 1991, petitioner maintained a checking account with Union Bank. She also maintained an account with Wells Fargo Bank under the name "Legal Assistance Center". Petitioner testified that all earnings from her Schedule C-1 paralegal business were deposited into the Union Bank account, and that all earnings from her Schedule C-2 paralegal business were deposited into the Wells Fargo bank account. The parties stipulated that the total gross receipts from petitioner's Schedule C-1 paralegal business in the Union Bank checking account were $29,056 in 1991. (The $258 difference between this amount and the $29,314 reported on the Schedule C-1 was due to a mistake.)

On her Schedule E, Supplemental Income and Loss, petitioner reported "rent income" of $6,720 from "residential" property in San Diego, and "rent income" of $1,600 from "equipment and furniture", for a total of $8,320. On the Schedule E, petitioner also deducted expenses of $200 for cleaning, $100 for insurance,

$100 for utilities on the residential property in San Diego and depreciation of $1,280 on equipment and furniture, for a total deduction of $1,680.

Respondent disallowed, for lack of substantiation, all of petitioner's expenses claimed on the Schedule C-1 and some of the expenses claimed on the Schedule C-2. Respondent disallowed all expenses claimed on the Schedule E and allocated the $8,320 of Schedule E income to petitioner's Schedule C-1.

Deductions are a matter of legislative grace. A taxpayer who seeks a deduction must be able to show that the taxpayer comes within the express provisions of the statute. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner has the burden of proving that respondent's determinations are incorrect in all respects. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

We first turn to the expenses deducted on the Schedule C-1 and the Schedule C-2. The parties agreed, by written and oral stipulation, that petitioner substantiated the amounts set forth below:

### Schedule C-1

|  | Expenses Claimed | Expenses Substantiated |
|---|---|---|
| Car | $ 5,272 | $4,060 |
| Rent-vehicles, machinery and equipment | 1,600 | |
| Rent-other business property | 6,720 | |
| Supplies | 1,530 | 1,000 |
| Meals and entertainment | 246 | |
| Utilities | 1,220 | |

| | | |
|---|---|---|
| Seminars | 525 | 495 |
| Telephone | | 403 |
| Visa/Mastercard | | 216 |
| Certification | | 100 |
| Total Expenses | $17,113 | $6,274 |

Schedule C-2

| | Expenses Claimed | Expenses Substantiated |
|---|---|---|
| Advertising | $ 5,178 | $5,078 |
| Bad debt | 203 | |
| Car | 3,500 | |
| Legal & professional services | 950 | 500 |
| Rent-other business property | 1,000 | |
| Supplies | 2,047 | |
| Taxes & licenses | 133 | |
| Meals & entertainment | 162 | 162 |
| Utilities | 271 | 242 |
| Computer expenses | 1,698 | 1,348 |
| Bank fees | 122 | 122 |
| Law book | | 47 |
| Depreciation | | 227 |
| Business license fees | | 133 |
| Total Expenses | $15,264 | $7,859 |

On her Schedule C-1, petitioner claimed rental expenses of $1,600 and $6,720 for a total of $8,320. Petitioner admitted that she did not pay the $1,600 rental expense on machinery. Petitioner also admitted that she did not pay $6,720 for rent for the use of her husband's office. In short, petitioner did not pay the $8,320 deducted by her on the Schedule C-1. Except to the extent the parties stipulated that the expenses were substantiated, respondent's disallowances of the Schedule C-1 and Schedule C-2 deductions are sustained.

We hold that the $8,320 reported by petitioner on the Schedule E was not rental income. Petitioner admitted that this amount was paid to her by an attorney. Petitioner claimed this was to help make up for the fact that she supplied her own facilities.

Petitioner conceded that she did not incur any of the $1,680 of expenses claimed as deductions on her Schedule E. Respondent's disallowance of that amount is sustained.

The next issue is respondent's allocation of the $8,320 of Schedule E income to petitioner's Schedule C-1. Petitioner argued that by claiming the $8,320 on her Schedule C-1 and reporting the $8,320 on her Schedule E, she merely made a "paper transfer" of the $8,320 from her Schedule C-1 to her Schedule E. It was not merely a paper transfer. We agree with respondent that this was done to avoid the payment of self-employment tax. However, petitioner further argues that by disallowing the $8,320 rent deduction on her Schedule C-1, and then attributing $8,320 from Schedule E to Schedule C-1 income, respondent has double-counted the $8,320. We find it significant that the amounts of $6,720 and $1,600 included in income on petitioner's Schedule E correspond to the amounts of $6,720 and $1,600 petitioner deducted on her Schedule C-1. We do not believe that petitioner failed to report $8,320 of income. Rather, we believe that petitioner tried to "transfer" $8,320 to her false Schedule E and

to hide this by specious deductions on her Schedule C-1.  On this record, we are satisfied that petitioner reported all of her income, subject to correction for the $258 mistake in her favor.  Accordingly, we sustain petitioner on this issue.

Petitioner's self-employment tax was increased by respondent.  A taxpayer is liable for self-employment tax on net earnings pursuant to section 1401.  Net earnings are defined as "the gross income derived by an individual from any trade or business carried on by such individual," less the allowable deductions pertaining to such trade or business.  Sec. 1402(a).  It is not disputed that petitioner is self-employed in both her businesses.  Accordingly, petitioner is liable for self-employment taxes to the extent that petitioner has net earnings under our findings.  The deduction of one-half of the self-employment tax will be a computational adjustment.  Sec. 164(f).

The parties stipulated that the gross receipts in the Union Bank account were $29,056, which was $258 less than the gross receipts of $29,314 reported on the Schedule C-1.  We conclude that the gross receipts for the Schedule C-1 business were $29,056.  When we deduct the expenses stipulated as substantiated by petitioner of $6,274, petitioner had net profit of $22,782 for her Schedule C-1 paralegal business.  This is in sharp contrast to the net profit of $12,201 petitioner reported on the original Schedule C-1.

The gross receipts for the Schedule C-2 business were $3,692. When we deduct the expenses stipulated as substantiated by petitioner of $7,859, petitioner had a net loss of $4,167 for her Schedule C-2 paralegal business. This again is in sharp contrast to the $11,572 loss petitioner reported on the original Schedule C-2.

Petitioner made no argument with respect to the denial of the $96 child care credit and we deem this issue conceded.

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a) for 1991. Section 6662(a) and (b)(1) imposes a penalty on any portion of an underpayment that is attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). The penalty does not apply to any portion of an underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith. Sec. 6664(c). Respondent's determinations are presumed correct, and petitioner bears the burden to prove she is not liable for the accuracy-related penalty under section 6662(a). Rule 142(a); Neely v. Commissioner, 85 T.C. 934, 947 (1985); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

- 9 -

Petitioner conceded that she took deductions on both the Schedule C-1 and the Schedule E which were false.  She had no right to claim these deductions.  She was unable to substantiate many of the deductions she claimed on both the Schedule C-1 and the Schedule C-2.  In fact, she only fully substantiated two items originally deducted on the two Schedules C.  Petitioner filed a false Schedule E that benefited her through the avoidance of self-employment tax.

Under the foregoing circumstances, we can only conclude that she was negligent.  We find that petitioner is liable for the accuracy-related penalty.

To reflect the various adjustments,

<u>Decision will be entered under Rule 155</u>.